**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Gold Water Trading Corporation, a Nevada corporation, | Case No.: 2:18-cv-0257-JAD-VCF |
| Plaintiff | |
| v. | **Order Dismissing Action** |
| Jinro America, Inc., a Washington corporation, et al., | [ECF Nos. 55, 57, 61] |
| Defendants | |

Plaintiff Gold Water Trading Corporation sues Jinro America, Inc. and Wang Globalnet over an alleged franchise agreement.[1] With defense summary-judgment motions pending, Gold Water moves to voluntarily dismiss its claims without prejudice.[2] Defendants Jinro and Wang Globalnet oppose the motion in part, asking for a with-prejudice dismissal and an award of costs.[3]

Rule 41(a)(2) of the Federal Rules of Civil Procedure authorizes the court to dismiss an action "at the plaintiff's request . . . on terms that the court considers proper."[4] The Ninth Circuit has stated that "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result."[5] Legal prejudice means "prejudice to some legal interest, some legal claim, some legal

---

[1] ECF No. 36 (second amended complaint).

[2] ECF No. 61.

[3] ECF No. 63 (Jinro's opposition); ECF No. 64 (Wang's non-substantive joinder).

[4] Fed. R. Civ. P. 41(a)(2).

[5] *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

argument."[6]  Uncertainty about the issues that remains after a dismissal without prejudice, the specter of future litigation, or the fact that the defendants have "incurred substantial expense in litigating the present lawsuit" are not legal prejudice.[7]

Defendants have not demonstrated that they will suffer legal prejudice if this suit is dismissed without prejudice.  Though they point out that they "engaged in considerable discovery" and filed extensive motions for summary judgment before plaintiff sought dismissal,[8] they have not shown that this work could not be used in future litigation.  The record thus does not support a finding of legal prejudice.

Although the court has discretion to condition this without-prejudice dismissal on the payment of costs,[9] the court does not find cause to do so here.  This case is just a year old, the docket reflects that the issues have been actively litigated on their merits, and there has been little delay.  The court also reminds defendants that, in the event that the plaintiff refiles its claims, FRCP 41(d) allows the court in that future action to "order the plaintiff to pay all or part of the costs" of this action and may stay that future case "until the plaintiff has complied."[10]

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED, ADJUDGED and DECREED that plaintiff's Motion for Voluntary Dismissal **[ECF No. 61] is GRANTED; this action is DISMISSED without prejudice.**

IT IS FURTHER ORDERED THAT all other pending motions **[ECF Nos. 55, 57] are DENIED** without prejudice as moot.

---

[6] *Id.*

[7] *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

[8] ECF No. 63 at 2.

[9] *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 922 (9th Cir. 1989).

[10] Fed R. Civ. P. 41(d).

1    The Clerk of Court is directed to CLOSE THIS CASE.

2  Dated: March 7, 2019

3                                                    _____
                                                     U.S. District Judge Jennifer A. Dorsey

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23